[S. F. No. 1975.    Department One.—January 25, 1902.]

V. A. DE PROSSE et al., Respondents, v. ROYAL EAGLE DISTILLERIES COMPANY, Appellant.

ACTION ON QUANTUM MERUIT—WORK PERFORMED IN OPPOSITION TO ORDER.—An action on *quantum meruit*, to recover the reasonable value of services performed, is based upon a request to perform the services; and such action will not lie for services performed in violation of an express order of the defendant not to do the work sued for.

ID.—BREACH OF ENTIRE CONTRACT—REPUDIATION OF PART—WAIVER OF OBJECTION AS TO OTHER PARTS—CONTINUANCE OF WORK.—The defendant, who had employed the plaintiff to oversee the construction of a building under an entire contract, could repudiate the contract in part, and order such part of the work not to be done. In such case, the plaintiff could either treat the repudiation of the part as a breach of the entire contract, and discontinue all work, or could waive the breach as to all other parts of the work not included in the part repudiated, by continuing the work.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

P. F. Dunne, and H. H. McPike, for Appellant.

The defendant had a right to countermand the order as to part of the work, and the plaintiff, who went on with the work,

cannot recover on *quantum meruit* for the part countermanded, as though the order had not been countermanded, but can only recover just compensation for breach of the contract and for the other work done. (*Clark* v. *Marsiglia,* 1 Denio, 317;[1] *Lord* v. *Thomas,* 64 N. Y. 107, 109; *Collins* v. *Delaport,* 115 Mass. 162; *Owen* v. *Frink,* 24 Cal. 178; *Danforth* v. *Walker,* 37 Vt. 239; *Tufts* v. *Lawrence,* 77 Tex. 526, 528; *Black* v. *Woodrow,* 39 Md. 217; *Heaver* v. *Lanahan,* 74 Md. 497; *Collyer* v. *Moulton,* 9 R. I. 90;[2] *Davis* v. *Bronson,* 2 N. Dak. 300.[3])

Reddy, Campbell & Metson, for Respondents.

An entire contract cannot be rescinded in part. (*Purdy* v. *Bullard,* 41 Cal. 444; *Day* v. *Central Ry.,* 53 Barb. 250; *Fay* v. *Oliver,* 20 Vt. 118.[4]) The plaintiff had the right to treat the contract as rescinded, and recover the whole percentage agreed upon in *quantum meruit.* (*Marcott* v. *Beaupre,* 15 Minn. 152.) Plaintiff was entitled to recover in *quantum meruit* the reasonable value of the services rendered where the contract is violated. (*Waggeman* v. *Richardson,* 47 Ill. App. 219; *San Francisco Bridge Co.* v. *Dumbarton etc. Co.,* 119 Cal. 272; *Porter* v. *Arrowhead Reservoir Co.,* 100 Cal. 500; *Cox* v. *McLaughlin,* 76 Cal. 60.[5])

GAROUTTE, J.—Plaintiffs are architects, and were employed by defendant to prepare the plans, specifications, etc., and oversee the construction of a certain building, and in consideration of their services they were to receive four per cent of the cost of the building. The plans of this structure included the construction of a very elaborate café, and while in the negotiations leading up to the employment of the plaintiffs they insisted upon a compensation amounting to five per cent of the cost of the building, yet finally, actuated by the fact that their employment was to extend to the entire work, including the *interior decorations* of this café, they agreed to undertake the work upon the basis of four per cent. Considerable work was done by them under the contract, but very little of it upon the interior decorations of the café, when upon July 31st, defendant addressed to the plaintiffs a letter

[1] 43 Am. Dec. 670, and note.
[2] 98 Am. Dec. 370.
[3] 33 Am. St. Rep. 783.
[4] 49 Am. Dec. 764.
[5] 9 Am. St. Rep. 164.

which, among other matters, said: ''Messrs. De Prosse & Meussdorffer. Dear Sirs: With reference to the interior decorations, bar fixtures, etc., etc., we beg to inform you that we have concluded to handle this matter ourselves,''—and in the communication gave their reasons in detail why they had arrived at this conclusion. Giving no heed to the contents of the letter, plaintiffs continued the work until September 17th, when they ceased work. Thereafter they brought the present action in *quantum meruit,* seeking to recover the reasonable value of their services rendered prior to September 17th. And the real question here appears to be, Are they entitled to recover upon a *quantum meruit* for services rendered upon the interior decorations of the café between the time when the letter was written to them and the 17th of September, the time when they withdrew from the building?

An action in *quantum meruit* is based upon the theory that one party has performed services for another at his request; and here, if defendant ordered plaintiffs not to perform services upon the interior decorations of the café, they could not recover in *quantum meruit* if thereafter they proceeded in opposition to that order. Services performed under these circumstances would not be performed at the request of the defendant. This principle of law is approved by the trial court when it gave to the jury the following instruction: ''The plaintiffs cannot recover in this action for any work they may have done for the interiors of the building known as the Pabst Café, except such work, if there was any, as was done at the request of the defendant.''

The court is thus brought to a consideration of the force and effect of the letter sent by defendant to plaintiffs. It is claimed upon their part that it is equivocal in character, and is not in effect a direction to cease and refrain from work upon the interior decorations. But the letter appears to be plain to the contrary, and such was the construction given it by the plaintiffs themselves. If they had come before the trial court claiming the letter to be equivocal, vague, and indefinite, and asserted that they continued their labors through a misunderstanding or misconstruction of its force and effect,—that is, if its effect was to order them to cease work upon this particular part of the building,—another question would be presented; but no such case was attempted to be

made out in the trial court, and it is apparent that plaintiffs
understood the letter to mean exactly what defendant
claims its meaning to be. The testimony of both plaintiffs is
clear to the point that they understood by the letter that de-
fendant ordered them to refrain from doing work upon
interior decorations. One of the plaintiffs testifies as follows:
''On Monday we received the letter, and then, notwithstanding
the letter, I went on and did the work. We did not stop work
when we received that letter. We intended to carry out our
contract, notwithstanding the letter.'' There is no principle
of law involved in the action of *quantum meruit* which will
justify a recovery for services rendered, in the face of positive
directions not to render those services by the party from whom
it is sought to recover. Here, as far as any principle of *quan-
tum meruit* is concerned, plaintiffs had no right to perform
services upon these interiors after ordered not so to do, and
cannot recover for services so rendered.

It is insisted that the contract for the service was an entire
contract, covering the whole building, inside and outside, and
that defendant could not repudiate the contract as to a part,—
namely, the interior decorations of the café. This contention
is unsound. As to defendant, it could repudiate a part of it
or repudiate it all. In other words, a repudiation of a part of
it was, as to plaintiffs, a repudiation of it all,—that is, plain-
tiffs had the right to consider the breach of this covenant a
breach of the entire contract. The acts of defendant were a
breach of the entire contract, but the breach could be waived
by plaintiffs as to all portions thereof not included in that part
relating to the interior decorations. As to all other matters,
plaintiffs could waive the breach and continue their work.
That was a matter entirely optional with them at the moment
they were ordered to cease work upon the interior decorations.
At that moment they were justified in law in ceasing from
work upon all parts of the building if they so felt disposed.
It is said in *Haskell* v. *McHenry*, 4 Cal. 411: ''The contract
declared on was an entirety. The first breach by the defend-
ant was a breach of the whole, and discharged the plaintiff
from the performance of any conditions on his part. It gave
him a complete right of action. (See *Cockley* v. *Brucker*, 54
Ohio St. 214.)''

Plaintiffs insist that subsequent to July 31st they performed

certain work upon the interiors of the café with the knowledge and consent of defendant, and they claim thereby defendant waived any repudiation of the contract evidenced by the letter of July 31st. The particular work relied upon to support this contention related to the entrances to the café, and the evidence seems to be plain that these entrances were no part of the interior decorations referred to in the aforesaid letter. Respondents' own testimony points directly to this conclusion. It may be further said that in the instructions of the court given to the jury we find no question of waiver submitted to them for consideration.

For the foregoing reasons the judgment and order are reversed and the cause remanded for a new trial.

Harrison, J., and Van Dyke, J., concurred.

Hearing in bank denied.