[Sac. No. 1643.   In Bank.—December 24, 1909.]

## LASSEN IRRIGATION COMPANY, Appellant, v. JOHN T. LONG, Respondent.

APPROPRIATION OF WATER FOR PUBLIC USE—CONSUMER CANNOT CONTRACT FOR PREFERENTIAL RIGHT.—*Leavitt* v. *Lassen Irrigation Company, ante,* p. 82, approved, to the effect that the defendant could not by contract acquire any permanent preferential right to the use of water appropriated for public use over any other member of the public entitled to draw his water supply from the same public service corporation.

ID.—BREACH OF CONTRACT TO PAY FOR WATER AT CONTRACT RATES—ABROGATION OF CONTRACT—LIABILITY FOR REASONABLE VALUE.—The continued refusal of a consumer of water appropriated for public use, claiming a permanent preferential right to the use thereof under a contract to pay for the same, justified the water company supplying the water to consider the contract as abrogated, and suing thereafter (in the absence of a legally established rate) for the reasonable value of the water supplied.

APPEAL from a judgment of the Superior Court of Lassen County and from an order refusing a new trial.   F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

W. F. Williamson, and H. D. Burroughs, for Appellant.

N. J. Barry, for Respondent.

HENSHAW, J.—Plaintiff sued to recover from defendant the reasonable value of its services in furnishing water for the

irrigation of defendant's land, which value was alleged to be two dollars per acre. The services were rendered during the irrigation seasons of 1902, 1903, 1904, and 1905. Defendant answered, asserting that the value of the services did not exceed one dollar per acre, and denied that there was anything due from him to plaintiff. By cross-complaint he set up a contract made with the predecessor in interest of plaintiff, under which he contended that he had a permanent preferential right to water sufficient to thoroughly irrigate three hundred and twenty acres of land, and averred a failure and refusal upon the part of plaintiff to furnish sufficient water during the irrigation season of 1905 to his damage in the sum of twenty-eight hundred dollars. The court decreed defendant the permanent and preferential right under the contract for which he contended, found that he owed $616.20 for water furnished, at the rate of one dollar per acre, held him to have been damaged by the failure and refusal of plaintiff to furnish water for the season of 1905, and gave defendant judgment for $933.80.

The contract in this case is in form precisely that considered in the case of *Leavitt* v. *Lassen Irrigation Co.*, No. 1642, *ante*, p. 82, [106 Pac. 404], this day decided. The decree upholding the validity of the contract is in terms precisely the same as the decree in that case. For the reasons there given this defendant could not acquire any permanent preferential right to the use of the water over any other member of the public entitled to draw his water supply from the same public service corporation. For this reason alone, the judgment must be reversed. But, in addition, it is made plainly to appear that defendant was in default, and after demand had refused to pay for the services rendered him by plaintiff and its predecessors for the years above mentioned. He does not pretend to have paid anything other than "a little on account." This continued refusal to pay was a distinct breach of the contract, justifying the water company in doing as it did—treating it as violated and at an end, and suing thereafter (in the absence of a legally established rate) for the reasonable value of the services which it rendered. (*Leavitt* v. *Lassen Irrigation Co.*, *ante*, p. 82, [106 Pac. 404]; *De Prosse* v. *Royal Eagle Distilleries*, 135 Cal. 411, [67 Pac. 502]; Page on Contracts, sec. 1477; *South Boulder & R. C. Ditch*

*Co.* v. *Marfell,* 15 Colo. 302, [25 Pac. 504].)   The judgment
must, therefore, be reversed and the cause, if tried again, tried
upon the correct theory, and not upon the one here adopted by
the trial court—that defendant had a preferential right to the
use of water, for the failure to supply which plaintiff became
responsible in damages.   Plaintiff could be responsible only if
it unwarrantedly refused to supply water, or if, through the
failure to exercise ordinary care in a matter which it could
control, it suffered its supply to run short.

The judgment and order are reversed and the cause re-
manded.

Shaw, J., Angellotti, J., Sloss, J., Lorigan, J., and Melvin,
J., concurred.