## Abstract of the Decision.

BROKERS, § 37*—*when not procuring cause.* Where a salesman in the employ of a broker submitted to the owner of property an offer of a prospective purchaser, which the owner declined on account of the amount of commission which he would be required to pay out of the sum offered, and his client then abandoned the idea of purchasing the property, but afterwards purchased the same property for the sum previously offered, through another agent, who accepted less commission than was demanded by the salesman who had in the meantime entered the employ of plaintiffs, also brokers, and who testified that he had notified the owner of his change of employment and had thereafter again taken the matter up with the purchaser, which was denied by the latter, it was *held*, in view of all the evidence, that plaintiffs were not the procuring cause and hence were not entitled to commissions.

---

## Lydia Moody, Appellee, v. Edith T. Norton, Appellant.

## Gen. No. 20,186. (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed March 11, 1915.

## Statement of the Case.

Action by Lydia Moody against Edith T. Norton to recover the sum of $735.25 for services rendered defendant and for money claimed to have been advanced. The latter claim was disallowed by the jury, who rendered a verdict for plaintiff for $660, from a judgment on which defendant appeals.

CHARLES J. TRAINOR, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JOHN T. BYRNES, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. WITNESSES, § 316*—*credibility of attorneys.* While the courts look with disfavor upon the practice of attorneys actually engaged in the trial of a case testifying in behalf of the cause they represent, yet such testimony is competent, and if helpful in arriving at a proper conclusion on review must be considered.

2. ASSUMPSIT, ACTION OF, § 66*—*when evidence insufficient to sustain verdict.* In an action to recover for services as nurse and domestic, claimed to have been rendered by plaintiff to defendant under an oral agreement for compensation at the rate of $15 per week, a verdict for plaintiff was held to have been against the weight of evidence, the evidence showing that such services as were rendered were voluntarily given while plaintiff occupied the position of guest rather than servant.

FITCH, P. J., dissenting.

SCANLAN, J., specially concurring.

---

**O. W. Rosenthal and J. B. Cornell, trading as O. W. Rosenthal & Company, Defendants in Error, v. August Turner, Plaintiff in Error.**

**Gen. No. 20,239. (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed March 11, 1915.

## Statement of the Case.

Action by O. W. Rosenthal and J. B. Cornell, co-partners, trading as O. W. Rosenthal & Company, against August Turner to recover an amount claimed

*See **Illinois Notes Digest, Vols. XI to XV,** and **Cumulative Quarterly,** same topic and section number.