## William P. Launtz, Appellant, v. Russek Furniture Company, Appellee.

1. CONTRACTS—*acts of parties as aid to construction.* Where, from the words used, doubt arises as to the meaning of a contract, the acts of the parties may be taken into consideration as an aid in ascertaining the meaning intended by showing the interpretation placed upon the contract by the parties themselves.

2. LANDLORD AND TENANT—*consideration of acts and letters of parties in construing written lease.* Where it is doubtful, from the terms of a written lease, when the lease expires, the acts and letters of the landlord and the tenant, treating the lease as expiring on a particular day, may be considered as indicating an intent in the lease that it should end on such day.

3. Landlord and tenant—*weight of evidence as to renewal of lease.* A finding that there was no oral agreement to renew a written lease will be sustained where there was no corroboration of the landlord's testimony of the existence of such agreement, which testimony was disputed by the tenant.

4. Former adjudication—*judgment in action for one month's rent as res adjudicata of subsequent action.* A judgment for a tenant in an action by the landlord for one month's rent is *res adjudicata* of a subsequent action between the same parties for subsequent monthly instalments of rent, the same questions being involved in both actions.

5. Former adjudication—*identity of issues and parties.* Where a fact necessarily involved in litigation has been decided in a suit, and again becomes a matter at issue between the same parties in a subsequent suit, the former judgment is conclusive as to such matter.

Appeal by plaintiff from the City Court of East St. Louis; the Hon. Silas Cook, Judge, presiding. Heard in this court at the October term, 1927. Affirmed. Opinion filed January 20, 1928.

William P. Launtz, *pro se.*

Kramer, Kramer & Campbell and R. E. Costello, for appellee.

Mr. Justice Newhall delivered the opinion of the court.

This suit was commenced by appellant to recover from appellee rent for the months of June to September, 1926.

The declaration alleged that on March 29, 1923, appellant, being the owner of a certain building in the city of East St. Louis, entered into a written lease for a part thereof with appellee; that on June 5, 1925, appellee agreed in writing to lease additional space in said building; that appellee occupied the premises mentioned in the lease until May 1, 1926, and paid appellant the agreed rental therefor up to May 1, 1926; that on the 29th day of March, 1926, by verbal agreement the written leases were extended for a period of three years at the same monthly rental, and that appel-

lant refused to pay for the months of June to September, 1926.

Appellee pleaded the general issue and two special pleas. The first plea set up that the alleged oral extension of the two written leases, being for more than one year, were within the statute of frauds, Cahill's St. ch. 59, and void.

The second special plea alleged former adjudication as to rights of the parties under the leases in question in a suit commenced by appellant to recover rent for the month of May, 1926, in which suit the issues were decided adversely to appellant and final judgment for costs entered against him.

The evidence was heard before the court, and showed that appellant was the owner of certain store property, a part of which he leased to appellee, which was engaged in the retail furniture business in East St. Louis.

The first lease between the parties was dated March 29, 1923, and, after describing the premises to be leased, it then provided that certain alterations in the building were to be made at the lessor's expense.

The leases contained the following clauses, namely:

"The rent for said premises is to *commence on the first day of May, 1923,* at a monthly rental of $275 per month, payable monthly in advance on the first day of each month.  *   *   *

"Lessor hereby agrees to donate to lessee one month's rent, in order to enable him to, in part, pay for such changes and decorations, as he may feel disposed to make.  *   *   *

"This lease is to continue for the period of three years, with the option of three additional years at the same rental. Lessee to give lessor in writing ninety days notice, of his election to continue for the three years after the expiration of the said three years, before the expiration of said three years.  *   *   *

"Lessee is hereby permitted to take possession at any time prior to the beginning of the *pay term* of this lease in order to arrange and prepare the same for his occupancy as he may see fit."

Appellee paid the monthly rental under this lease, and on June 5, 1925, the parties entered into a second lease for an additional part of appellant's building. The second lease provided that it was to commence June 1, 1925, and to continue for a period of *eleven months*, with a provision for renewal for a period of three years, in the same manner as the prior lease, and both of said leases, in event of renewal, were *to expire on the same date.*

On March 25, 1926, appellee wrote appellant that it would continue its business for the next three years under the leases and according to the options. On the same date appellant replied to appellee's letter stating that, in view of the fact that appellee did not notify him 90 days prior to the expiration of the lease, he was not then willing to renew the leases at the same rate, unless appellee would pay its own light bills.

Appellant testified that he had a conversation with the president of appellee on March 29, 1926, in which he agreed to the renewal lease under the same terms as the original leases. This is denied by appellee's president.

On April 9, 1926, appellee wrote appellant that it was not willing to renew the leases in accordance with the terms of appellant's letter of March 25, 1926, and that its lease would expire on April 30, 1926; that it would vacate the premises on that date, which it did, surrendering the keys to appellant on May 1, 1926.

On May 11, 1926, appellant filed a suit before a justice of the peace to collect the May rent, and, on appeal to the city court of East St. Louis, a final judgment was rendered in favor of appellee.

Propositions of law were submitted by both parties. The trial court held that both leases expired on

April 30, 1926; that there was no renewal of the leases, and rendered a judgment against appellant for costs.

Two questions are presented for decision on this appeal: First, was there a legal renewal of the two leases for a further period of three years. Second, whether or not the issues in controversy were adjudicated in the former case.

The lease of March 29, 1923, provided that the rent was to commence May 1, 1923; that one month's rent was donated to lessee, who actually went into possession April 30, 1923; that the lease of June 5, 1925, provided that the rent therein mentioned should commence June 1, 1925, and should continue for a period of *eleven* months in order that it would expire on the same date as the lease of March 29, 1923, and that both parties, by their correspondence and acts, treated both leases as expiring April 30, 1926.

Where, from the words used, doubt arises as to the meaning of a contract, the acts of the parties may be taken into consideration to aid the court in ascertaining the meaning intended by showing the interpretation placed upon the contract by the parties themselves. (*Finch v. Theiss*, 267 Ill. 65.)

Holding, as we do, that the leases expired on April 30, 1926, then there is no merit in appellant's contention that appellee held over after the expiration of its term.

Appellant's affidavit to his declaration was based upon the claim of an oral agreement to renew and not upon an implied contract arising because of a holding over after the expiration of the tenant's lease.

The alleged oral agreement to renew was disputed by appellee, and, there being no corroboration of appellant's testimony, we agree with the trial court on its finding on this question.

Appellee pleaded a former adjudication of appellant's right to recover in a suit brought by appellant

for the monthly instalment of rent alleged to be due for the month of May, 1926.

The validity of the renewal of the leases in question was litigated in the former suit, and the same questions here involved were decided adversely to appellant.

Where a fact necessarily involved in litigation has been decided in a suit, and again becomes a matter at issue between the same parties in a subsequent suit, the former judgment is conclusive as to such matter. (*Louisville, N. A. & C. Ry. Co. v. Carson*, 169 Ill. 247; *Buerger v. Buerger*, 317 Ill. 401.)

We are of the opinion that the trial court did not err in its finding and conclusions, and the judgment is accordingly affirmed.

*Affirmed.*