[Civ. No. 3626. Third Appellate District.—January 3, 1930.]

L. F. ALBRECHT, Respondent, v. J. W. JOHNSON, Appellant.

W. P. Rich for Appellant.

Loyd Hewitt for Respondent.

JAMISON, J., *pro tem.*—This action was brought by plaintiff, as assignee of the Standard Oil Company, against defendants for oil and gasoline alleged to have been furnished to defendants for use upon what is known as the Diggs Ranch, owned by the Estate of Marshall Diggs, deceased.

On May 15, 1925, appellant entered into a contract with defendants C. E. McLaughlin and Jackson Diggs, executors of the said estate, for the purchase by him of the said Diggs Ranch, and therein he agreed to pay all expense necessary for taking care of a 400-acre peach orchard and crops on said ranch, from and after May 1, 1925. Appellant took possession of said ranch upon the execution of said agreement, and remained in possession until April 29, 1926. Early in the year 1926 it became apparent that it would be impossible for appellant to carry out and perform his part of said contract. After some negotiations had taken place,

appellant and the said executors, on April 29, 1926, entered into an agreement by the terms of which appellant surrendered to them the possession of the ranch, his liability for the expense of conducting and caring for said ranch to cease from said last-named date, he agreeing to pay all bills incurred by him in operating the ranch prior to that date. During the period that appellant had been in the possession of said ranch, gasoline and oil had been furnished for use thereon by the Standard Oil Company. On January 28, 1926, appellant notified the Standard Oil Company not to deliver any more oil or gasoline to the said ranch unless ordered to do so by the Valley Meat Company, and unless the invoices were signed by Hugh Asbill, appellant's ranch foreman. Thereafter no gasoline or oil was delivered to said ranch until February 23, 1926, just prior to which last-named date the Standard Oil Company was requested to make deliveries of oil and gasoline to said ranch by the said Jackson Diggs, who told the representatives of the said company to go ahead and deliver gasoline and oil to said ranch, and that if appellant did not pay for same he would. Thereupon, between the twenty-third day of February, 1926, and March 31, 1926, the said company made twelve deliveries of gas and oil to said ranch, several of said deliveries being receipted for by appellant's ranch foreman, Hugh Asbill, and other deliveries being receipted for by other of appellant's employees on said ranch, no orders for any of said deliveries having been made by appellant or by said Valley Meat Company. It appears that gasoline and oil were necessarily used in conducting operations on said ranch, and were so used in February and March of 1926.

Appellant claims that he is not liable for any of the gasoline or oil furnished for the use of said ranch after date of the aforesaid notice, to wit, after January 28, 1926, and he cites the case of *De Prosse* v. *Royal Eagle etc. Co.,* 135 Cal. 408 [67 Pac. 502, 503], in support of this contention. The last-named case announces the rule that "There is no principle of law involved in the action of *quantum meruit* which will justify a recovery for services rendered, in the face of the positive directions not to render those services by the party from whom it is sought to recover." And appellant claims that the same rule ap-

plies where material or supplies are furnished under these conditions. Appellant also cites the case of *Montgomery* v. *Thomson*, 152 Cal. 319 [92 Pac. 866] , where it was held that such notice might be retracted by subsequent oral agreement. Under certain conditions the doctrine of estoppel or waiver might operate to prevent subsequent reliance upon such notice. In the case under consideration it appears that appellant was present at the ranch when some of the deliveries of this gasoline and oil were made by agents of the Standard Oil Company. The same were received and receipted for by his employees, including his foreman. From the evidence produced in this case the trial court had ample ground upon which to found the inference that said oil and gasoline were used in the necessary operation of said ranch, while it was in the possession of appellant. But aside from these questions there is proof of another matter which impels this court toward an affirmance of this judgment, and that is the evidence produced by respondent to the effect that as part of the consideration passing to the said executors from appellant for releasing him from his said contract to purchase the said ranch, he agreed to pay for the oil and gasoline which are the subject of this action. It is true that appellant denies that he made any such agreement but this denial but produces a conflict in the evidence, and it must be assumed that the trial court resolved this conflict in favor of respondent. (*Taylor* v. *United States F. & G. Co.*, 86 Cal. App. 382 [260 Pac. 898].)

We are of the opinion that there is substantial evidence to support the findings and judgment of the trial court.

The judgment is affirmed.

Finch, P. J., and Thompson (R. L.), J., concurred.