Tony Panzarella, Appellee, v. J. H. Shaw, Appellant.

Gen. No. 38,619.

Opinion filed March 2, 1936.

CECIL L. CASS, of Chicago, for appellant.

LOUIS JAFFIE, of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff, Panzarella, sued Shaw before a justice of the peace for rent claimed to be due under a hold-over lease and obtained judgment. Defendant, Shaw, appealed to the circuit court, and there filed a plea of *res adjudicata* based upon a prior judgment rendered in the municipal court of Chicago in a suit between the same parties based upon the same written lease. July 5, 1935, there was a trial by the court, some evidence heard, other evidence excluded, and the court made a finding in favor of plaintiff for $315.50, entered judgment thereon, from which defendant appeals to this court.

There is practically no dispute as to the facts. The record of the prior action was introduced in evidence and showed that on July 21, 1933, plaintiff obtained a judgment by confession against defendant for rent for the months of May and June, 1933, as shown by plaintiff's statement of claim filed in the municipal court of Chicago July 20, 1933. The lease upon which that suit was based by its terms expired April 30, 1933. On motion of defendant an order was thereafter entered opening up the judgment and giving defendant leave to appear and make defense, the affidavit in support of the motion to stand as an affidavit of merits in the cause. This affidavit of merits stated that defendant after the expiration of the lease, April 30, 1933, remained in the premises during the month of May under an oral agreement with plaintiff that at the expiration of that time defendant would vacate the premises. The affidavit also averred that the rent for the month of May was paid in full. This cause was heard in the municipal court by Judge Lyle, and on May 18, 1934, there was a finding by the court in favor of defendant with judgment thereon. From this judgment plaintiff prayed an appeal, which was allowed but never perfected. However, thereafter, plaintiff began this suit against defendant in the justice of peace court on the same lease to recover rent for the period of July, 1933, to April, 1934, inclusive. This suit was based upon the same lease upon which the former action in the municipal court of Chicago was based.

Upon the trial in the circuit court, defendant in support of his plea of *res adjudicata* introduced in evidence a transcript of the proceedings in the municipal court of Chicago, as already recited, and Judge Lyle, before whom the former suit was tried, testified that he was the trial judge in that suit and recalled it, and that he found in that action that there was no arrangement to hold-over under the lease. Defendant called

plaintiff as a witness and undertook to examine him concerning the former suit, but the court (upon what theory, we do not know)' held that plaintiff was not a competent witness and then struck out the evidence of Judge Lyle as improper and incompetent. The attorney for defendant then testified that he had been defendant's attorney in the former suit and gave evidence tending to show that the issue of fact in that case was whether there was a hold-over lease. This evidence was also erroneously stricken by the court as improper and incompetent. Notwithstanding, it clearly appears (prima facie, at least) from the evidence in the record that the issue of fact as to whether there was a holding over under the old lease was submitted to the municipal court in the suit tried there before Judge Lyle. The parties and the issues being identical, the question was adjudicated in the first trial and under well-established rules of law could not be tried a second time between the same parties. The authorities, it is believed, are unanimous to this effect. A few may be cited: *Louisville, N. A. & C. Ry. Co. v. Carson,* 169 Ill. 247; *People v. Circuit Court of Washington County,* 347 Ill. 34; *Wood v. Maxwell,* 238 Ill. App. 597; *Launtz v. Russek Furniture Co.,* 247 Ill. App. 289.

It is also well settled that upon the trial of a plea of *res adjudicata,* parol evidence is admissible in order to show what issues of fact were litigated in the former suit. *Shepard v. Butterfield,* 41 Ill. 76; *Leopold v. City of Chicago,* 150 Ill. 568; *City of Weatherford v. Nuveen,* 211 Ill. App. 411. The offered evidence of the attorney for defendant was admissible, and, we think, under the particular circumstances he was not subject to criticism for offering to testify. *Moody v. Norton,* 192 Ill. App. 8; *Bogart v. Brazee,* 331 Ill. 160.

The contentions of plaintiff that under an agreement to pay money in instalments, an action will lie for each instalment as it becomes due; that where rent is

thus payable at stated intervals a separate action may be brought for each instalment; that the best evidence to establish the existence and terms of a judgment is the record of it, and that the minutes of a judge on his docket, etc., cannot be substituted for the record of the court, are all true generally, as the cases cited by plaintiff show, but are not applicable to the facts of this case.

From what has already been said, it is apparent under the uncontradicted evidence the finding of the court should have been for defendant with judgment in his favor. The judgment will therefore be reversed without remanding.

*Reversed.*

McSURELY, P. J., and O'CONNOR, J., concur.