BRUSSELL SEWING MACHINE CO., INC., Appellant, *v.* THE GOULD-MOODY CO., INC., Respondent.

First Department, December 21, 1942.

*Joseph N. Klapper* for appellant.

*Benjamin Masor* of counsel (*Masor & Masor,* attorneys), for respondent.

GLENNON, J. Plaintiff and defendant on either January 30th or February 6th, 1940 — the date while of no importance being in dispute — entered into a written contract under the terms of which the defendant was to manufacture and deliver to plaintiff, at the rate of fifty sets a month, five hundred sets of castings at $4.40 a set. In connection with the manufacture of the castings, plaintiff turned over to the defendant certain jigs, patterns and dies for the purpose of enabling it " to make these castings for the plaintiff according to the specifications desired."

Defendant proceeded with the performance of the contract and delivered to the plaintiff one hundred fifteen sets which were at the agreed price of $506. Under date of May 2, 1940, plaintiff wrote to the defendant the following letter:

" Gentlemen:

" We may make some slight changes in the castings which you are making for us so it will therefore be necessary for you to temporarily wait before making any more of them in their present form. As soon as we ascertain whether these changes are to be final we shall communicate with you but in the meantime please hold off casting any more.

" Thanking you, we are

Very truly yours,

Brussell Sewing Machine Co. Inc.

By J. A. Stearn."

It does not appear that the plaintiff, pursuant to that letter, gave any directions to the defendant to continue with the performance of the contract. Later, on July 27, 1940, plaintiff wrote the defendant as follows:

"Gentlemen:

"We enclose herewith our check in the amount of $62.80 same to apply on our account.

"Owing to difficulties in collections and general slackness in business, we regret that at this time we cannot make a larger payment, but we trust that in the very near future we shall be able to make a more substantial payment.

"Trusting that this is satisfactory, we are

Very truly yours,

Brussell Sewing Machine Co. Inc.

By J. A. Stearn."

During the month of February, 1941, the defendant instituted an action in the Municipal Court of the City of New York, Borough of Manhattan, First District, based upon the following complaint: "Action for goods sold and delivered on or about and between March 21st, 1940, and June 3, 1940 in the sum of $506.00 which is the agreed price and reasonable value and on account of which defendant paid $306.00 leaving a balance due in the sum of $200.00 which it failed and refused to pay, although same has been duly demanded."

The answer interposed originally by the defendant in that action consisted of " 1. General Denial. 2. Breach of Contract."

Before that action came on for trial in the Municipal Court, the plaintiff instituted the present suit in the Supreme Court, New York County. Under date of February 20, 1941, the day the summons in this action was served, the following letter was addressed by the attorney for plaintiff to the defendant: " On behalf of my client Brussell Sewing Machine Co. Inc., I am herewith making demand upon you for the return of patterns, reamers, drills, jigs, and all other property that you may have' in your possession belonging to the Brussell Sewing Machine Co., Inc." On February 24th defendant's attorney in reply thereto wrote in part as follows: " The above described property has been requisitioned from the foundry and will be in our client's place of business in a day or two and will be handed to your client upon proper receipt if your client will call for same. It is understood, however, that the return of such property to your client in no way effects [affects] the cause of action for goods sold and delivered now pending in the Municipal Court."

The complaint which is dated March 18, 1941, was served upon

the defendant on that day. In this action plaintiff sought to recover the sum of $25,000 as damages. Plaintiff pleaded a breach on the part of the defendant of the same written contract which was referred to in the Municipal Court action, and included with it, without separately stating and numbering, the charge that defendant failed and refused to redeliver to the plaintiff the jigs, dies and patterns.

The action in the Municipal Court was tried on or before March 14, 1941, some four or five days before the complaint in the present action was served. Upon the trial of the action, Brussell Sewing Machine Co., Inc., the plaintiff herein, moved to amend its answer by setting up a counterclaim for the amount it had paid on the contract. It set forth in part: '' Plaintiff breached said contract to the defendant's damage in the sum of $306.'' The issues as framed were tried and judgment was entered thereon on March 17, 1941, in favor of plaintiff, the defendant herein, for the amount for which it sued and the counterclaim was dismissed.

It seems to us, therefore, that the court at Special Term correctly found: '' It is evident that the issue now sought to be litigated has been determined adversely to the plaintiff in the prior action.'' It seems idle to urge that plaintiff's cause of action based upon the failure of defendant to return the jigs, dies and patterns where the demand was not made until the day when the summons in this action was served, has any foundation in fact or in law. Particularly is this true since it is clear that the defendant made an offer to return those articles within a reasonable time after the letter setting forth the demand was delivered.

We now come to the question of defendant's right to recover on its counterclaim. The defendant set forth that pursuant to the terms of the written agreement plaintiff was to accept the five hundred sets of castings at the rate of fifty each month; that defendant delivered one hundred fifteen sets and '' did not deliver the balance of 385 sets for the reason that the plaintiff refused to accept further shipments and directed defendant not to make further deliveries.'' It is then alleged that as the result of the refusal of plaintiff to accept deliveries, defendant has been damaged in the sum of $396.55.

The difficulty, as we see it, with reference to the counterclaim is that defendant's cause of action had accrued at the time it commenced the Municipal Court suit, not only for the balance which was due for the castings which were delivered, but in addition thereto for plaintiff's refusal to accept further deliveries. The argument advanced by the defendant in seek-

ing summary judgment dismissing the complaint applies with equal force to its counterclaim. There it asserted in part as follows: " The contract is the same one sued on herein. If the Municipal Court decided that this defendant did not breach the contract, how can this Court take up the issue again? What the plaintiff is doing here is to bring the same action demanding other and larger items of damage, but essentially the suit herein is exactly the same as that in the Municipal Court, namely: breach of contract. Has the plaintiff the right to split up the breach of a contract into various items of damage and sue for each item separately? If he has such right, then there is no end to the litigation that one may institute for breach of a single contract."

This defendant at the time it instituted the Municipal Court action could have recovered not only for the goods actually delivered, but in addition thereto it could have had determined in the same action the amount of damages suffered by reason of the plaintiff's refusal to accept the balance of the goods provided in the contract.

The judgment and order appealed from should be modified by providing that the counterclaim be dismissed without costs, and as so modified affirmed, without costs of this appeal to either party.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Judgment and order unanimously modified by providing that the counterclaim be dismissed without costs, and as so modified affirmed, without costs of this appeal to either party.