[Civ. No. 16113. Second Dist., Div. Three. Dec. 17, 1947.]

BERT F. McMANUS, Respondent, v. THEODORE J. BENDLAGE, Appellant.

J. Merrill Levey for Appellant.

Alvin P. Jackson and Robert W. Cooper for Respondent.

VALLÉE, J. pro tem.—Suit upon a judgment. In April, 1937, Bendlage, appellant-defendant, made a written contract with Kohlsaat and Krieger. Bendlage, in the contract, represented that he was the sole owner of secret formulae and processes of manufacture of medicinal products known as "Vesodyne." He agreed to sell and deliver to Kohlsaat and Krieger the secret formulae and processes, patent rights, trademarks, copyrights and trade names, all assets, books and records of his business which had been carried on under the name "Anthony Lily Co.," and its goodwill, together with all interest in and the right to use the name "Anthony Lily Co." and the sole right to manufacture the products. Kohl-

saat and Krieger agreed to pay Bendlage therefor $1,500 when the contract became effective and three per cent of net gross sales and after six months from the date of the contract, not less than $30 per month for a period of six months, $50 a month for the next six months, $75 a month for the next six months, and $100 a month thereafter "on account of such royalties." The contract provided that payment of royalties should expire at the end of 35 years after the date of the agreement.

On September 7, 1938, Bendlage filed suit in the superior court of the county of Los Angeles against Kohlsaat, Krieger and Anthony Lily Company, referred to as the "first action." He alleged the making of the contract, the terms thereof, the delivery on April 20, 1937, to Kohlsaat and Krieger of "the secret formulae to all of the above mentioned products"; that Anthony Lily Company had been organized as a corporation and was selling and disposing of the products; and failure of the defendants to make the payments prescribed by the contract. In a second count Bendlage alleged that he was entitled to the immediate possession of the alleged secret formulae and processes for the preparation of the compound "Vesodyne" and other items alleged to have been delivered to the defendants; that the defendants, without his consent, took possession of the property and retained the same to his damage; that he had demanded possession, which defendants had refused. He sought recovery of the payments and return of the alleged secret formulae and processes and other items, and in the event possession could not be had, the sum of $5,000, the alleged value thereof. Kohlsaat and the corporation answered, admitting the contract, admitting demand upon Anthony Lily Company for payments under the contract, and alleging that refusal of that company to comply with the demands was made conditional upon performance by Bendlage of his obligations to that company, denying that they were indebted to Bendlage, denying that they ever took possession of any of the secret formulae or processes, alleging that refusal to redeliver any property to Bendlage was made conditional upon the return to Kohlsaat of the consideration paid to Bendlage under the contract.

Kohlsaat and Anthony Lily Company filed a cross-complaint in which they alleged that prior to the making of the contract Bendlage had represented: that the formulae and processes for the manufacture of "Vesodyne" were "secret formulae"

known only to Bendlage and manufactured exclusively by him; that no other person knew the formulae or processes or were manufacturing or selling the same, and other representations; that the representations were false, known by Bendlage to be false, or made as positive assertions of fact without any information with respect thereto; that the representations were a material consideration and inducement to Kohlsaat in entering into the contract; that he relied upon them and would not have made the contract had he known of their falsity; that Kohlsaat had made demand upon Bendlage for delivery of the secret formulae and processes; that Bendlage had failed to do so; that Kohlsaat had paid Bendlage the $1,500 provided by the contract, had expended moneys in organizing Anthony Lily Company and in the promotion and sale of the products; that Anthony Lily Company had expended moneys in the promotion and sale of the products. The cross-complaint prayed for damages to Kohlsaat in the sum of $2,500 and to Anthony Lily Company in the sum of $5,000.

In this "first action," the court found the making of the contract; *that Bendlage had not delivered any secret formulae as required by the contract; that none of the formulae was secret;* that the defendants had refused to comply with the contract but that the refusal was justified and was made conditional upon performance by Bendlage; that the defendants did not at any time become indebted to Bendlage in any sum, and that they were not indebted to him; that Bendlage was not entitled to any of the property he alleged he had delivered to the defendants; that the retention of what property had been delivered was "within the rights" of the defendants; that Bendlage had made the representations alleged in the cross-complaint; that they were false, known to Bendlage to be false at the time they were made; that they were made with the intent to induce Kohlsaat and Krieger to enter into the contract; that Kohlsaat and Krieger relied upon the representations and were induced thereby to enter into the contract and would not have done so had the representations not been made; that Kohlsaat and Krieger, shortly after the making of the contract, discovered the falsity of the representations and demanded of Bendlage that he deliver to them the secret formulae and processes; that thereupon, Bendlage promised to deliver the secret formulae and processes but that at the time of the making of the promises "he knew that he could not do so"; that Kohlsaat had suffered damage in the amount of

$2,500 and Anthony Lily Company in the sum of $3,000. Judgment was against Bendlage on the complaint and for the cross-complainants upon their cross-complaint. The judgment was entered April 19, 1939, and became final.

On January 7, 1941, Bendlage filed an action against Kohlsaat, Krieger and Anthony Lily Company, referred to as the "second action," praying for judgment that the contract of April 20, 1937, was in force, for an accounting and for other relief. ■ A demurrer was sustained to an amended complaint without leave to amend. An appeal was taken from the judgment entered upon the sustaining of the demurrer. The judgment was reversed. (*Bendlage* v. *Kohlsaat*, 54 Cal.App. 2d 136 [128 P.2d 691].) Thereafter, the action was dismissed for want of prosecution. Contrary to the contention of respondent, this "second action" is not germane upon this appeal. A judgment of dismissal for want of prosecution is not res judicata. (*Lord* v. *Garland*, 27 Cal.2d 840, 850 [168 P.2d 5].)

On May 23, 1944, respondent, assignee of Kohlsaat and one Goldman, filed the complaint in the present action on the judgment rendered in the "first action." By amended answer, appellant Bendlage denied any indebtedness and set up a counterclaim for moneys alleged to be payable under the terms of the contract, amounting, so it is alleged, to $5,000. The cause was submitted to the trial court upon an agreed statement of facts. The statement of facts says that the court may take judicial notice of all pleadings and proceedings in the first and second actions; that Bendlage has not received any of the moneys to be paid under the contract except small amounts not material here; that on October 20, 1940, Bendlage made demand upon respondent's assignors for payment of these moneys; that on October 28, 1940, the sheriff sold on execution all of the rights of Bendlage under the contract, crediting five cents on the judgment; that the corporate powers of Anthony Lily Company were suspended on March 6, 1939, and were revived on September 13, 1946. It was further agreed that certain testimony could be considered as given, subject to objection, to the effect that in January, 1939, all assets of Anthony Lily Company were assigned to Kohlsaat and Goldman, and that on December 6, 1946, Anthony Lily Company ratified the assignment to Kohlsaat and Goldman. Plaintiff asserts title to the judgment under this assignment and ratification.

The objections to the evidence set forth in the agreed statement of facts were overruled. The court found that since July, 1937, Bendlage had not received any money pursuant to the contract; that no sums were or are due to Bendlage pursuant to the contract; that Bendlage owned no further rights under the contract; that the same issues involved in the counterclaim of Bendlage were decided on the merits in favor of respondent's assignors in the "first action"; that all of its rights in the judgment had been assigned by Anthony Lily Company to Kohlsaat and Goldman, and by them to respondent; that the sums prayed for by respondent, less small amounts of no moment here, were due; that respondent is the owner of all rights of the company and Kohlsaat under the judgment. Judgment was for plaintiff-respondent.

Appellant contends that the court erred in its findings that the issues involved in the counterclaim were decided on the merits in the "first action"; that he is entitled to offset the amount which had accrued under the contract against respondent's judgment. He says that respondent's assignors, by not rescinding the contract originally and by suing for damages, elected to stand upon the contract; that consequently, the contract at all times has been in force and the amounts specified have been payable. Respondent says that the invalidity of the counterclaim in the present action was adjudicated in the "first action" adverse to appellant; that such adjudication is a bar to any right of appellant to offset the amount of the counterclaim against the judgment.

█ It is fundamental that a material question which was in issue in a former action and was there judicially determined is conclusively settled by a judgment rendered therein and that such question is res judicata and may not again be litigated in a subsequent action between the same parties or their privies regardless of the form the issue may take in the subsequent action. (Code Civ. Proc., § 1908, subd. 2; *Price* v. *Sixth District Agricultural Assn.*, 201 Cal. 502, 509 [258 P. 387]; *Andrews* v. *Reidy*, 7 Cal.2d 366, 370 [60 P.2d 832].) █ In determining the validity of the plea res judicata three questions are pertinent: Was the issue decided in prior litigation identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the judgment is asserted a party or in privity with the party to the prior litigation? (*Bernhard* v. *Bank of America*, 19 Cal.2d 807, 813

[122 P.2d 892].)  ▮▮  A prior judgment operates as a bar against a second action upon the same cause and it also operates as an estoppel or conclusive adjudication in a subsequent action upon a different claim as to such issues in the second action as were actually litigated and determined in the first action.   (Code Civ. Proc., § 1911; *Todhunter* v. *Smith,* 219 Cal. 690, 695 [28 P.2d 916] ; *Sutphin* v. *Speik,* 15 Cal.2d 195, 201 [99 P.2d 652, 101 P.2d 497] ; *Panos* v. *Great Western Packing Co.,* 21 Cal.2d 636, 637 [134 P.2d 242] ; *Pomona College* v. *Dunn,* 7 Cal.App.2d 227, 232 [46 P.2d 270].)  ▮  A determination of issues presented by a cross-complaint is res judicata as fully as a determination in a separate action by a defendant against a plaintiff. (*Lamb* v. *Wahlenmaier,* 144 Cal. 91, 94 [77 P. 765, 103 Am.St.Rep. 66].)  ▮  One bringing a suit on a cause of action is estopped by the judgment therein from pleading the same matter as a set-off or counterclaim in a separate action brought against him by the former defendant. If the former judgment was rendered against him it is conclusive.  (*Case* v. *Hardenbrook,* 238 App.Div. 169 [263 N.Y.S. 825] [aff'd 263 N.Y. 630, 189 N.E. 731] ; *Brussell Sewing Machine Co.* v. *Gould-Moody Co., Inc.,* 265 App.Div. 312 [38 N.Y.S.2d 687].)  ▮  A determination in a prior action as to relative rights and duties of a party to a contract in controversy is conclusively fixed by the judgment insofar as such rights and duties were within the issues raised and were actually or by necessary inference adjudicated.  (*Price* v. *Sixth District Agricultural Assn., supra,* 201 Cal. 502, 510; *Wright* v. *Security-First Nat. Bank,* 35 Cal.App.2d 264, 277 [95 P.2d 194].)  ▮  A successful defense in an action on one or more of a series of installments payable under a contract ordinarily does not bar actions on future installments where the defense related merely to the particular installment or installments in suit.  (*Brix* v. *Peoples Mut. Life Ins. Co.,* 2 Cal.2d 446, 455 [41 P.2d 537] ; *Jacoby* v. *Peck,* 23 Cal.App. 363, 365 [138 P. 104].)  ▮  But, where the defense successfully set up in the former action involves the whole merits of the underlying transaction, the judgment is a complete bar to subsequent actions to recover any further installments. (*Launtz* v. *Russek Furniture Co.,* 247 Ill.App. 289 ; *Stamler* v. *Weinberger,* 109 N.J.L. 438 [162 A. 569].)  ▮  A judgment in a vendee's action for damages for fraud in the inducement of a contract is res judicata, precluding a sub-

sequent action by the vendor for the money which the vendee is obligated to pay under the contract. (*Brunswig Drug Co. v. Springer,* 55 Cal.App.2d 444, 449 [130 P.2d 758].)

The defenses and the allegations of the cross-complaint in the "first action" were failure of consideration and that the contract was induced by fraud. The effect of the judgment in that action was that appellant Bendlage had not delivered and could not deliver the secret formulae and processes. The judgment in that action determined that the formulae were not secret and could not be delivered. It was an adjudication that there had been a total failure of consideration. The judgment determined that Bendlage was not entitled to recover any of the moneys payable to him under the contract. It precluded a subsequent action by Bendlage for any money under the contract. It estopped him from using the same matter as a set-off. It is manifest that patent rights, trademarks, copyrights, trade names, books and records, if any, were of no value without the formulae and processes.

The provision of the contract requiring delivery of the secret formulae and processes was a condition precedent to the performance by respondent's assignors. Its repudiation by appellant effectively wiped out the contract. (*Alderson* v. *Houston,* 154 Cal. 1, 13 [96 P. 884].) The breach of the contract by appellant was a breach of the entire contract and discharged respondent's assignors from any of the conditions to be performed on their part. The contractual relation ceased to exist. (*Lassen Irrigation Co.* v. *Long,* 157 Cal. 94, 95 [106 P. 409]; *Gold Min. & Water Co.* v. *Swinerton,* 23 Cal.2d 19, 29 [142 P.2d 22].) As it was adjudicated that respondent's assignors had not secured and could not secure the thing they had contracted for and which constituted the consideration for the contract, the judgment released them from all obligations of the contract. (*Nevada Land & Inv. Corp.* v. *Sistrunk,* 220 Cal. 174, 178 [30 P.2d 389]; *California Credit & C. Corp.* v. *Goodin,* 76 Cal.App. 785 [246 P. 121].)

Whether the formulae were secret and whether they could be delivered could be litigated but once. Those questions were litigated in the "first action." They cannot become the subject of another lawsuit, defense or setoff. (*Lux* v. *Columbian Fruit Canning Co.,* 120 Kan. 115 [242 P. 656].) It would be inconsistent in this case to admit evidence and to

permit a decision which would have the effect of determining that the formulae were secret and could be delivered, when it was adjudged in the "first action" that they were not secret and could not be delivered. If appellant can offset today he can recover later-accruing installments tomorrow. The result would be that he would receive the fruits of the contract while respondent's assignors and respondent receive nothing. The finding that "the same issues involved in defendant's counterclaim were decided on the merits in plaintiff's favor" in the "first action" is not vulnerable.

▮ Appellant also says that the assignment by Anthony Lily Company to Kohlsaat and Goldman was invalid because the company's franchise was suspended before it obtained the judgment. It was shown that the claim asserted by the cross-complaint was assigned before the franchise was suspended. ▮ Appellant contends, however, that the claim was not assignable. The assignment was not of a naked right to bring an action for fraud unconnected with any property or thing which itself had a legal existence and value, independent of the right to sue for fraud, as asserted by appellant. It was an assignment of moneys owing by Bendlage to the company arising out of the inability of Bendlage to deliver the secret formulae and processes. (*McCord* v. *Martin*, 34 Cal.App. 129 [166 P. 1014].) The determination that the assignment was valid is supported by the evidence.

Our conclusion that the judgment in the "first action" is res judicata and that the contract as a whole had been destroyed makes unnecessary consideration of other points made by appellant which go to questions of the validity of the execution sale and to the amount to be set off against the judgment.

Judgment affirmed.

Shinn, Acting P. J., and Wood, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 9, 1948. Carter, J., and Schauer, J., voted for a hearing.