[Civ. No. 2431. Second Appellate District, Division One.—November 24, 1919.]

## S. H. WARD et al., Appellants, v. A. A. GOETTING, Respondent.

[1] PLEADING — COUNTERCLAIM — ESSENTIAL ELEMENTS.—In order to constitute a valid counterclaim, the cause of action therein stated must arise not only out of the transaction set forth in the complaint as the foundation of plaintiff's claim, but must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action.

[2] ID.—ACTION TO CANCEL NOTE — RIGHT OF ACTION UPON NOTE — FAILURE TO SET UP AS COUNTERCLAIM.—In an action to cancel and annul a promissory note on the ground of fraud in its procurement, the cause of action based upon the promissory note cannot be made the subject of a counterclaim; hence the omission of the payees of a note to set up a cause of action based thereon in an action by the maker to cancel the note on the ground of fraud in its procurement will not, under the provisions of section 439 of the Code of Civil Procedure, bar a subsequent action to recover upon said note.

[3] ID.—ANSWER TO CROSS-COMPLAINT—PRAYER FOR AFFIRMATIVE RELIEF — RIGHT TO DISMISS CROSS-COMPLAINT.—The right of the

1. Scope and office of counterclaim under the code, note, 89 Am. Dec. 482.

cross-complainants in an action to cancel and annul a promissory note on the ground of fraud to dismiss their cross-complaint to recover upon said note is not barred, under section 581 of the Code of Civil Procedure, merely by the plaintiff's having interposed an answer thereto setting up the same facts ,upon which he based his demand for the cancellation of the note, followed by a prayer for such relief.

APPEAL from a judgment of the Superior Court of Riverside County. Hugh H. Craig, Judge. Reversed.

The facts are stated in the opinion of the court.

I. Henry Harris and Charles A. Bank for Appellants.

A. S. Maloney and Frank F. Oster for Respondent.

SHAW, J.—Plaintiffs appealed from a judgment rendered in favor of defendant in an action to recover upon a promissory note made and delivered by defendant on March 17, 1915. By its terms the note was due and payable four months after its date. On April 21, 1915, defendant brought an action against plaintiffs herein, with whom others were joined as defendants, to have the note canceled and annulled on account of fraud in its procurement and want of consideration thereof. Demurrers were sustained to the original and three succeeding amended complaints; whereupon a fourth amended complaint was filed, at which time the note had matured. Thereupon the defendants in said action, who are the plaintiffs here, in addition to their answer denying the allegations of the complaint, filed a cross-complaint in the usual form for recovery upon the promissory note in accordance with the terms thereof, to which the plaintiff in said action, who is defendant here, filed an answer wherein, as a defense to recovery upon said note, he set up the same matters contained in his complaint wherein he sought the cancellation of said note, and in his answer prayed for the same relief sought in his said complaint. Upon these pleadings the parties went to trial, during which, upon an order of court permitting them so to do, cross-complainants in said action, who are plaintiffs here, without the consent of defendant Goetting, withdrew and dismissed their cross-complaint wherein they asked for recovery upon

the promissory note. Thereupon, after such withdrawal of the cross-complaint, the action was tried upon the issues presented by Goetting's complaint, together with the answer thereto, wherein the allegations of his complaint were denied, save and except the issue as to want of consideration, which issue was by leave of court withdrawn from the fourth amended complaint, as a result of which trial judgment was rendered in favor of the defendants in said action, who are plaintiffs here, the effect of which was to declare that the making and delivery of said note had not been obtained by means of the alleged fraud practiced upon the maker thereof; all of which facts, among other things, were by defendant herein set up in his answer to the complaint for recovery upon the promissory note in this action and by reason of which he alleged this action was barred by the provisions of sections 439 and 581 of the Code of Civil Procedure. Upon these facts the court found that the cause of action alleged in said cross-complaint so filed in the former action by plaintiffs herein for recovery upon the note arose out of the same transaction set forth in the fourth amended complaint as the foundation of this defendant's claim for the cancellation of said promissory note and constituted a counterclaim in said action upon defendant's cause of action therein set forth, and likewise found that the same matter alleged in this defendant's answer to the cross-complaint filed by these plaintiffs in the former action as a defense thereto arose out of the same transaction set forth in the cross-complaint so filed as the foundation of plaintiff's claim based upon the promissory note, and, therefore, constituted a counterclaim thereon; and as a conclusion of law found that by reason of said facts this action for recovery upon the promissory note is barred by the provisions of section 439 of the Code of Civil Procedure, which provides that ''if the defendant omits to set up a counterclaim upon a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, neither he nor his assignee can afterwards maintain an action against the plaintiff therefor.''

Since plaintiffs, under an order of court from which no appeal was prosecuted, withdrew their cross-complaint filed in the former action for recovery on the note, their status was precisely that of one who had omitted to file the same.

Hence, the question presented for determination is whether the cause of action stated in the cross-complaint and founded upon the promissory note was, as found by the trial court, a proper subject of counterclaim. If so, the action, as adjudged by the lower court, is barred. In our opinion, however, the finding is not warranted by the facts concededly established. Under section 437 of the Code of Civil Procedure, the answer of the defendant may set up a counterclaim which, as provided by section 438 of the Code of Civil Procedure, "must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of . . . the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." [1] It thus appears that in order to constitute a valid counterclaim, the cause of action therein stated must arise not only *out of the transaction* set forth in the complaint as the *foundation* of plaintiff's claim, but must be one existing in favor of a defendant and against a plaintiff *between whom a several judgment* might be had in the action. As said in *Meyer* v. *Quiggle,* 140 Cal. 499, [74 Pac. 41], quoting with approval from *National Fire Ins. Co.* v. *McKay,* 21 N. Y. 191: "A counterclaim, when established, must in some way qualify or defeat the judgment to which a plaintiff is otherwise entitled." "It must be something that resists or modifies the plaintiff's claim." (*Leavenworth* v. *Packer,* 52 Barb. (N. Y.) 132.) And in *Mattoon* v. *Baker,* 24 How. Pr. (N. Y.) 329, the court, in discussing the subject, says: "A counterclaim to be available to a party must afford to him protection in some way against the plaintiff's demand for judgment, either in whole or in part. It must, therefore, consist in a setoff or claim by way of recoupment or be in some way connected with the subject of the action stated in the complaint. It must present an answer to plaintiff's demand for relief. . . . It must, therefore, contain not only the substance of what is necessary to sustain an action in favor of defendant against the plaintiff, but it must also operate in some way to defeat in whole or in part the plaintiff's right to recover in the action. An answer which does not meet this requirement is insufficient, whether regarded as a defense or a counterclaim." To like

effect is Pomeroy's Code Remedies, section 621, and *Waddell* v. *Darling,* 51 N. Y. 327.

[2] In the former suit plaintiff's cause of action was based upon alleged fraud practiced upon him in procuring the note, which, if true, must have necessarily destroyed the contract upon which defendants in the cross-complaint based their right to recover, and, hence, on account of the cause of action set up in the cross-complaint being independent and disconnected from that stated in the complaint, there could be, as between the parties, no several judgment, and no judgment in favor of cross-complainants which (conceding the truth of the allegations of the cross-complaint) could qualify, diminish, or defeat a judgment to which the plaintiff would otherwise have been entitled.

In our opinion, the cause of action based upon the promissory note was not, and could not be made, the subject of a counterclaim; hence the omission of plaintiffs herein to set up a cause of action thereon in the former action brought by this defendant to cancel the note was not, under the provisions of section 439, as found by the court, a bar to the action.

[3] As stated, this defendant, in response to the cross-complaint filed by these plaintiffs in the former action for recovery upon the promissory note, interposed an answer thereto setting up the same facts upon which he based his demand for the cancellation of the note, followed by a prayer for such relief. Respondent, invoking the provisions of section 581 of the Code of Civil Procedure, insists that since in such answer he sought affirmative relief, the cross-complainants were not entitled to dismiss the same. Therefore, he argues, the judgment herein rendered should upon the findings be affirmed. In reply to this contention, suffice it to say that "matters which are proper as a defense will not be turned into a counterclaim or cross-complaint merely by a prayer for affirmative relief." (*Shain* v. *Belvin,* 79 Cal. 262, [21 Pac. 747].) While the prayer of defendant's answer to the cross-complaint was for the cancellation of the note, nevertheless, it was based upon matters of defense only and not of counteraction.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.