[Sac. No. 4399. In Bank.—August 8, 1931.]

M. F. GARDNER et al., Appellants, v. MAURICE E. COOK-
SON, Respondent.

Eugene S. Selvage and Henry L. Ford for Appellants.

J. Logan Beamer for Respondent.

THE COURT.—This is an appeal from a judgment rendered for the defendant for costs.

The plaintiffs' complaint alleged the execution of a lease dated December 26, 1924, whereby the plaintiffs let to the defendant a 331-acre ranch and an additional 160-acre tract for a period of three years at a monthly rental of $100 per month payable $400 on the first of June of each year and $800 on the first of November of each year; that the defendant took possession of the leased premises and remained thereon until October 15, 1926, when without the plaintiffs' consent he abandoned possession; that the plaintiffs re-entered the premises on April 15, 1927; that the defendant has not paid the installment of rent due November 1, 1926, in the sum of $800, nor any rent for the period from January 1 to April 15, 1927, amounting to $350. The complaint contained statements of further causes of action wherein it was alleged that the defendant caused damage to the leased premises and violated the covenants and terms of the lease, all to the plaintiffs' loss and damage in the total sum of $7,657.87. The defendant filed his answer containing certain admissions, averments and denials, and his cross-complaint in several counts wherein he set up fraud and deceit on the part of the plaintiffs in the making of certain false representations as an inducement to the execution of certain leases on the part of the defendant and which, if supported by the evidence, it may be conceded constitute actionable fraud. The defendant alleged injury and damage aggregating $9,000. After a trial on the issues the jury brought in its verdict for the defendant without specifying any amount of damages and judgment for the defendant for costs was entered thereon.

On this appeal the plaintiffs contend that the court erred in overruling their demurrer to the defendant's second amended cross-complaint for the reason that the defendant should have elected either to rescind the lease or to stand on the lease and sue for damages. But the court instructed the jury that the "defendant in addition to his answer to plaintiff's complaint has filed a plea by way of recoupment. . . . And in this the court instructs you that this is a 'defen-

sive relief' whereby the alleged fraud is set up by way of defense to defeat the action brought to enforce an apparent obligation or liability. The alleged fraud is given in evidence as a defense and an answer to the whole demand or in abatement of the damages according to the circumstances of the case. This defense, however, the defendant must prove to your satisfaction by a preponderance of evidence under the following rules'': and the court then proceeded properly to advise the jury thereon. That the court and the jury both so understood the purpose of the defendant's cross-complaint is apparent from these instructions and from the jury's verdict and is in accordance with the principles enunciated in *Paolini* v. *Salprizio*, 201 Cal. 683 [258 Pac. 380], relied upon by the plaintiffs. The contention in that respect is therefore not meritorious. ▆ Neither is there any merit in the claim that the defendant's cross-complaint is predicated upon a different lease from that alleged in the plaintiffs' complaint. An examination of the pleadings discloses that both parties alleged the lease dated in December, 1924.

▆ No serious contention is made by the plaintiffs that the evidence does not support the jury's inferential finding that the allegations of the defendant's cross-complaint on the issues of fraud and deceit are true. The only contention made under the heading ''Evidence Insufficient to Justify Verdict of Jury'', appearing in the appellants' opening brief, is that the plaintiffs should have recovered rent at least for the period during which the defendant actually occupied the premises. That the jury, however, found that the amount of any claim made by the plaintiffs was offset by the damages sustained by the defendant must have become apparent from what has hereinbefore been said.

▆ The plaintiffs also contend that the court erred in refusing to grant their motion for a nonsuit of the defendant's cross-action for the reason, so it is claimed, that there was no evidence that the defendant relied upon the misrepresentations. It was in evidence that the defendant executed a second lease about a year after the execution of the first lease, identical in its terms with the exception that it ran to the defendant alone as the lessee, the first lease having named both the defendant and his brother as lessees. The plaintiffs ground their contention on the fact of the execu-

tion of the second lease. But this alone is insufficient to overcome the inferences which may be drawn from other sufficient evidence in the record that the defendant did rely upon the representations made by the plaintiffs and that the defendant was in fact misled and deceived by the plaintiffs to his injury and damage. In this connection the plaintiffs urge that the defendant's execution of the second lease was an express affirmation of the contract between the parties, which operated as a waiver of any rights which may have accrued to the defendant by reason of any fraud practiced upon him by the plaintiffs. But the record does not uphold this contention. On the contrary, the evidence supports the conclusion which the jury must have drawn that the execution of the second lease was a continuing transaction resulting from and based upon the repeated false representations and deceit of the plaintiffs. The jury under the evidence was justified in finding that the execution of the second lease by the defendant was not an entry into a new arrangement or engagement by which he may be deemed to have waived any right to pursue a claim for damages on account of fraud.

The plaintiffs contend that several of the court's instructions were erroneous. We have examined each of such instructions and all of the instructions given to the jury, and on the whole record we cannot say that any error appearing therein operated to the prejudice of the plaintiffs.

We conclude that the verdict is supported by the evidence and we find no error in the record.

The judgment is affirmed.