[L. A. No. 13048. In Bank.—January 12, 1933.]

TIMOTHY S. WOLCOTT, Administrator, etc., Appellant, v. EDITH SALYER et al., Respondents.

Clay & Handy and Tanner, O'Dell & Taft for Appellant.

James Westervelt for Respondents.

PRESTON, J.—This record presents solely the contention that a certain prior judgment between the same parties is *res judicata* of the issue in the present case. We cannot agree with this contention and a reversal of the judgment is required. The only facts necessary to a consideration of this issue are:

That on January 5, 1929, plaintiff estate began in the Superior Court of Los Angeles County an action, number 268951, against the defendants Leroy Leonard et al. to declare an involuntary trust in some corporate stock or, in the alternative, to have a money judgment on a common count in the sum of $10,000. During the pendency of the action plaintiff amended its complaint, making defendant Edith Salyer, also known as Edith S. Leonard, a party defendant and charging the transfer of the corporate stock in question to her by the other defendant, a transfer not noted in the corporate books, and further alleging that the transfer was without consideration and in fraud of plaintiff's rights. This incoming defendant answered with a plain denial but no affirmative allegations of ownership of stock. The cause proceeded to trial. We have only the judgment-roll before us, from which it appears that evidence, oral and documentary, was received, findings of fact made and judgment given. The judgment of the court, however, determined only the issue of indebtedness and was in favor of plaintiff and against the defendant in the sum of $10,000, dismissing defendant Salyer and all other defendants from the action.

The question is thus narrowed to whether this judgment estops plaintiff from pursuing defendant Salyer with reference to the title to said stock. The further facts are that on the judgment rendered in the first action, plaintiff sought and obtained a writ of execution, levied same upon the interest of said defendant Leroy Leonard in said stock, exposed same for sale and became the purchaser thereof and upon this basis brought the present action to quiet title thereto against defendant Salyer. Said defendant

pleaded in bar of the action and as *res judicata* the judgment-roll we have just above described. The court approved this plea and upon that, and that alone, gave judgment in favor of defendant and against plaintiff in the present action.

It is our conclusion that not only is the judgment in the former action not conclusive as to ownership of the stock as against plaintiff, but that a consideration of the findings in said cause would indicate that the court was of the view that the said Leroy Leonard owned the stock and not the defendant Salyer. But be that as it may, one thing is clear and that is that the court in the trial of the former action gave consideration to and disposed of only the issue of the indebtedness of Leroy Leonard to plaintiff estate and declined to dispose of the issue as to the ownership of said stock.

There is therefore nothing to hinder plaintiff from pursuing its cause of action here to a final determination thereof, and if it should appear therein that said Leroy Leonard is the true owner of said stock, we can see no reason why it may not be so properly declared.

The judgment is reversed.

Tyler, J., *pro tem.*, Waste, C. J., Curtis, J., Shenk, J., Seawell, J., and Langdon, J., concurred.