[Sac. No. 4809. In Bank.—February 28, 1934.]

NEVADA LAND AND INVESTMENT CORPORATION (a Corporation), Respondent, v. Z. R. SISTRUNK et al., Appellants.

A. G. Bailey for Appellants.

Rich, Weis & Carlin for Respondent.

THOMPSON, J.—The defendants herein, Z. R. Sistrunk and his wife, Cora Sistrunk, have appealed from a judgment decreeing that the agreement, whereby the plaintiff had agreed to sell to the defendants the lands described in the complaint, be canceled; that plaintiff be restored .to the full possession thereof and the defendants be ejected and enjoined from asserting or claiming any right, title or interest therein. By its complaint the plaintiff set up that the Garden Highway Orchard Company was the owner in fee and entitled to the possession of the premises in dispute and that on April 23, 1925, it entered into an agreement with the defendants for the sale thereof, a copy of which contract was attached as an exhibit; that the defendants went into possession under the contract and were occupying the premises; that on November 16, 1927, the Garden Highway Orchard Company had assigned and transferred to the plaintiff all its right, title and interest in and to the premises and the payments due under the contract with defendants and that plaintiff is now the owner of the land and has performed all the covenants and conditions of the agreement. There follow allegations of the default of the defendants, of the provision in

the contract for forfeiture in such case at the option of the seller and of the service of notice by the plaintiff in pursuance thereof declaring the exercise of the option and the termination of defendants' rights under the contract and that the defendants had refused to surrender possession. The prayer of the complaint was for restitution of the land, damages for the withholding in the sum of $250, the rents and profits, alleged to be of the value of $134.28, and that the agreement for the sale be canceled and title quieted in the plaintiff.

By their answer the defendants admit that they went into possession under the contract of sale, but deny that they still claim thereunder, asserting that the premises are entirely paid for and that they are the owners in fee. They deny that any payments are due to the plaintiff and that plaintiff is the owner of the land and allege that the Garden Highway Orchard Company had no right, title or interest in the lands at the time of its assignment and transfer to the plaintiff. They admit the service of the notice alleged in the complaint, but deny the unlawful detention and the allegations of damage. As an affirmative defense and by way of cross-complaint it is set up that the execution of the contract was induced by the fraudulent representation of the Garden Highway Orchard Company as to the quality of the soil; that the agreed purchase price was $4,700 or $500 an acre; that the total paid on the contract before the discovery of the fraud was $1863.58, which amounted to $1393.58 more than the value of the premises, which were not worth more than $50 an acre; that the defendants had been damaged in the sum of $450 per acre or a total of $3,760; that the sums paid on the contract to the plaintiff before the discovery of the fraud were in excess of the reasonable value of the land and were in full performance of the contract and that the defendants were entitled to a deed and to possession of the premises. The cross-complaint asks that title be quieted in the defendants; for damages in the amount of $1393.58; that all the remaining payments (totaling $1896.42) be canceled and that the contract be canceled.

Plaintiff's demurrer to the cross-complaint was sustained without leave to amend and its motion to strike the allegations of fraud contained in the answer was granted. Upon this state of the case and upon a stipulation made for the

sole purpose of supplying a statement of facts, the judgment appealed from was entered.

The ruling of the trial court upon the motion to strike and upon the demurrer to the cross-complaint has deprived the appellants of the opportunity to recover for the alleged fraud of the respondent except by a separate suit. The right of the defrauded vendee to set up the fraud of the vendor by way of "defensive relief" as an answer to the demand, or in abatement of damages in a suit for the purchase price, has been recognized in numerous cases: *Paolini* v. *Sulprizio*, 201 Cal. 687 [258 Pac. 280]; *Gardner* v. *Cookson*, 213 Cal. 359 [2 Pac. (2d) 370]; and see *Elm* v. *Sacramento Suburban Fruit Lands Co.*, 217 Cal. 223 [17 Pac. (2d) 1003]. In *Paolini* v. *Sulprizio, supra,* it was said by this court: "In harmony with this principle, which permits the buyer to retain the property and bring suit for the recovery of damages which he has sustained, there is a third course open to a defrauded vendee. He may set up the seller's fraud as a partial defense or counterclaim without any offer of restitution, and recoup his damages in the action brought by the guilty party to the contract. (*Field* v. *Austin*, 131 Cal. 379, 382 [63 Pac. 692]; *Hunter* v. *McKenzie*, 197 Cal. 176, 184 [239 Pac. 1090]; *Palladine* v. *Imperial Valley etc. Assn.*, 65 Cal. App. 727, 749 [225 Pac. 291].) This remedy has been styled 'defensive relief', whereby the fraud is set up by way of defense to defeat an action brought to enforce an apparent obligation or liability. (*Toby* v. *Oregon Pac. R. R.*, 98 Cal. 490, 499 [33 Pac. 550].) The fraud, given in evidence as a defense, 'will be an answer to the whole demand, or in abatement of the damages, according to the circumstances of the case. This is the true as well as a salutary rule, and well calculated to do final and complete justice between the parties, most expeditiously and least expensively.' (*Field* v. *Austin, supra,* p. 382.) It may also be taken to be well settled in this jurisdiction that in such cases the *defrauded party may withhold payments under the contract,* to recoup the damages which may be *recovered.* (*Pembrook* v. *Houston*, 41 Cal. App. 54 [181 Pac. 828]; *Palladine* v. *Imperial etc. Assn., supra.*) But in any event the party guilty of the deceit is entitled to have the damages mitigated to the extent of the nonperformance of the other party to the contract." (Italics ours.)

■ While in that case the action instituted by the vendor was for the recovery of the balance due under the contract, whereas the present suit is one to declare a forfeiture, to recover possession and quiet title in the vendor, the two cases cannot logically be distinguished on that ground. If, as therein held, the defrauded party may withhold payments due under the contract to recoup the damages which may be recovered, thus using the fraud of the vendor to avoid his own apparent obligation under the contract, it can hardly be contended that the fraud of the vendor will not also serve as an excuse for his apparent default and as a defense to an action to have the contract canceled and title to the property quieted. There would be little consistency or justice in a rule which, when the suit was for the payments due under the contract, would allow the buyer to set up damage caused by the fraud of the seller in answer to the demand or in abatement of damages, but, when the action was one for possession of the premises and to quiet title, would not allow the same matter to be pleaded as a defense against a forfeiture for failure to make the payments which the law says he may withhold. The action of the trial court in striking the affirmative matter from the answer was therefore erroneous. An effort is made to construe some general language in *Hincksman* v. *Delacour*, 47 Cal. App. 416 [190 Pac. 832], to the contrary, but the ruling in that case is not in conflict herewith, and the general statements must be confined to the facts of that case.

The instant case must not be confused with those cases, of which there are several, in which the purchaser attempts to retain possession of the property without payment of the purchase price and yet seeks to disaffirm the contract either by reason of the failure of title in the vendor, or by reason of fraudulent representations on the part of the vendor.

■ The remaining question raised by this appeal is the propriety of the defendants' cross-complaint. If the cause of action for fraud was properly pleadable either as a counterclaim or as a cross-complaint the order sustaining the demurrer without leave to amend was error. (*Luse* v. *Peters*, 219 Cal. 625 [28 Pac. (2d) 357]; *Terry Trading Corp.* v. *Barsky*, 210 Cal. 428 [229 Pac. 474].)

Without deciding the propriety of this pleading as a counterclaim, we are of the view that the defendants' cause

of action for fraud comes within the "transaction clause" of section 442 of the Code of Civil Procedure, which prescribes what matter may be set up by way of cross-complaint. This conclusion is in accordance with the rule of the later cases which have approved a broader and more liberal interpretation of the "transaction" upon which the action is brought. (*Hanes* v. *Coffee*, 212 Cal. 777 [300 Pac. 963]; *California Trust Co.* v. *Cohn*, 214 Cal. 622 [7 Pac. (2d) 297], distinguishing and expressly disapproving earlier cases which adhere to a stricter interpretation of the "transaction clause" of the cross-complaint statute.) Especially apt language is found in the two cases cited. In *Hanes* v. *Coffee, supra,* it is said: "It would appear that this action to quiet title arises out of the fact that the defendant claims an interest by virtue of a lease by plaintiffs; that which [while] plaintiffs deny defendant's right to possession, defendant asserts his rights and seeks damages for its violation; that consequently both claims are related to the same transaction, i. e., the leasing of the property, and each must be adjudicated upon a consideration of the same issues." And, in *California Trust Co.* v. *Cohn, supra,* similar language was employed: "So far as we are now informed defendants' only connection with the property to which plaintiff seeks to have its title quieted arises out of the written instrument sought to be reformed. It is obvious therefore that the quiet title action is aimed or directed at any and all claims and demands made by the defendants under said written instrument. In other words, the pleadings now before us tend to indicate that were it not for the defendants' claims under the written instrument which it is herein sought to have reformed, there would have been no necessity for the institution of plaintiff's quiet title action. This being so, both claims are necessarily related to the same transaction." So here, although it is true that the defendants' cause of action for fraud is not on the contract, but is collateral thereto (*Paolini* v. *Sulprizio, supra*), it nevertheless arose out of the same transaction as the plaintiff's cause of action. With equal truth it may be said of the instant case that, were it not for the written instrument, which the defendants claim they were induced to execute by the fraud of the plaintiff's predecessor, there would have been no necessity for the institution of the present action. The basis of

plaintiff's· cause of action rests on the alleged breach of the contract by the defendants. It is alleged in the complaint that defendants went into possession under the contract; the unlawful character of the possession only arose upon default. The basis of defendants' cross-claim is the contention that they have fully performed the contract except in so far as the failure to do so is offset and counteracted by the damages due them from the plaintiff, and they assert a right to possession and to have title quieted in themselves. The claimed damages themselves grow out of the asserted fraudulent conduct of the plaintiff's predecessor in interest in placing the defendants in their present position.

The facts surrounding the cause of action and not the form of the complaint are determinative of what constitutes the transaction. (*Martin* v. *Hall*, 219 Cal. 334 [26 Pac. (2d) 288]; *California Trust Co.* v. *Cohn, supra; Hanes* v. *Coffee, supra; Terry Trading Corp.* v. *Barsky, supra; Story & Isham Commercial Co.* v. *Story,* 100 Cal. 31 [34 Pac. 671].)

The cross-complaint might also be said to be a cause of action ''affecting the property to which the action relates'' and, on that account also, to come within the purview of the cross-complaint statute, for, although the action is for possession, the complaint also sets up ownership in the plaintiff and asks that its title be quieted.

It remains only to briefly notice the case of *Watkins* v. *Warren,* 122 Cal. App. 617 [10 Pac. (2d) 500] which the respondent urges in support of its position. It was there said that fraud in the procurement of the contract is neither proper answer nor counterclaim where the action is in ejectment and the plaintiff seeks possession only and not the remainder of the purchase price, for the reason that an equitable defense cannot be based upon a contract which the defendant has failed to perform and because the claim cannot be said to arise out of the same transaction. It is to be noted that the action there was for possession only, whereas here if defendants' allegations are sustained plaintiff's action is defeated *in toto* and defendants are entitled to have title quieted in them. The language therein to the effect that a claim for damages does not arise out of the same transaction as an action upon or for cancellation of

the contract, being out of harmony with *Hanes* v. *Coffee, supra,* and *California Trust Co.* v. *Cohn, supra,* must be disapproved.

The judgment is reversed.

Langdon, J., Curtis, J., Preston, J., Waste, C. J., Shenk, J., and Seawell, J., concurred.