[Civ. No. 10455. First Appellate District, Division Two.—March 24, 1937.]

FRED DUTTWEILER, Appellant, v. ALBERT W. WASHBURN et al., Respondents.

Norman S. Menifee for Appellant.

Henry E. Greer and Harold J. Haley for Respondents.

STURTEVANT, J.—This is an action to quiet title. The plaintiff filed a complaint in the ordinary form, the defendants answered and also filed a cross-complaint. The plaintiff answered the cross-complaint and on the issues so framed a trial was had before the court sitting without a jury. The court made findings in favor of the defendants and from the judgment entered thereon the plaintiff has appealed.

Both parties claim under a common grantor, Henry Duttweiler, deceased. For some years prior to February 26, 1929, Henry Duttweiler had been the owner, in possession of, and operating a small farm consisting of about fifteen acres in Marin County. On the date last mentioned he entered into an executory contract to sell the property to Albert W. Washburn and Genevra Washburn, his wife. The vendees went into possession and have continued in possession down to the present time. In January, 1934, Henry Duttweiler executed a quitclaim deed to the plaintiff Fred Duttweiler.

By the terms of the executory contract of purchase the defendants agreed to pay $4,500. They paid in cash $600 and assumed a debt of $2,000, secured by a deed of trust, owing to The Novato Bank. They contracted to pay $25 per month and 7 per cent interest on deferred payments. No claim is made that the payments have not been kept up to The Novato Bank. The payments to the vendor were made until the spring of 1933 on the balance of the principal due the vendor. Later interest was paid to him until October, 1933. Since then no payments have been made. The contract was never formally rescinded. The defendants alleged and the trial court found that the present value of the property is $1500, that the defendants have paid $2,925, and that by reason of the fraudulent representations hereinafter discussed the defendants have been damaged in the sum of

$3,000—a sum much in excess of the unpaid balance due under the terms of the executory contract to the vendor or this plaintiff as his successor in interest. The trial court credited the purchasers with the amount of their unpaid instalments to the vendor and rendered judgment in their favor.

Both in their answer and in their cross-complaint the defendants pleaded fraud and deceit on the part of their vendor. Among other things they alleged: that the entire tract consisted of fifteen acres which was principally planted to vineyard and fruit trees; that they were not at the time of the purchase experienced viticulturists but on the other hand the defendant Albert W. Washburn was and had been a butcher by trade and entirely unfamiliar with vineyards; that in 1929 they entered into an executory contract to purchase the farm from Henry Duttweiler; that before doing so Mr. Washburn called at the farm of the vendor and the latter stated to him that the vineyard consisted of an excellent variety of Zinfandel grapes, the vines were healthy, were grafted on resistant roots, were six years of age, and, during the year 1928, the vineyard produced eighteen tons of grapes of fine quality; that they believed said representations and acted thereon and entered into the contract; that each and all of said representations were false; that all of the vines were not Zinfandel; that they were of different ages, from one to twelve years; that none were grafted on resistant roots but were cuttings and grown as such; that during the year 1928 the vineyard did not produce eighteen tons but produced about seven tons; that said seven tons were not grapes of good quality; and that the vines were not healthy but were then suffering from phylloxera; and that said disease spread and has continued to spread until at the present time the vineyard is of no value as a vineyard. During the trial the defendants introduced evidence sustaining each of the foregoing misrepresentations and the trial court so found the facts to be. ▮ In their pleading the defendants inserted many other misrepresentations and the plaintiff contends that the findings thereon are not supported by the evidence. That contention need not be dwelt upon as it is settled law that if the injured party sustains his allegations of one material false representation he will not fail because he does not sustain some of his other alleged misrepresentations. That the misrepresentations of the variety of the

grapes, the health of the vines, the nature of the root stock, and the productivity of the vineyard were material misrepresentations and constituted a cause of action, will hardly be controverted. (25 Cal. Jur. 554.)

█ The plaintiff also contends that in an action to quiet title the defendants should not have been heard on the allegations of their cross-complaint setting up the fraudulent misrepresentations. That contention may not be sustained. (*Nevada Land & Inv. Corp.* v. *Sistrunk,* 220 Cal. 174 [30 Pac. (2d) 389].)

In their cross-complaint the defendants set forth allegations to the effect that they did not discover they had been defrauded until the year 1933. They also set forth certain allegations to the effect that they had not been guilty of laches. The plaintiff contends both sets of allegations were not sustained by the evidence and therefore the judgment should be reversed. If this were an action in rescission his contention would not be without merit. (*Evans* v. *Duke,* 140 Cal. 22 [73 Pac. 732].) █ But when, as here, the vendee elects to set up by way of defense his claim of fraud, he is not restricted by the doctrine of laches nor by the provisions of subdivision 4 of section 338 of the Code of Civil Procedure. (*Cox* v. *Schnerr,* 172 Cal. 371, 378 [156 Pac. 509].)

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.