[Civ. No. 13780. Second Dist., Div. Two. Nov. 9, 1942.]

BRUNSWIG DRUG COMPANY (a Corporation) et al., Appellants, v. H. H. SPRINGER et al., Respondents.

J. Everett Blum for Appellants.

William H. Haupt in pro. per., and Dailey S. Stafford for Respondents.

MOORE, P. J.—An action having been prosecuted by respondent Springer for rescission of a conditional sales agree-

ment wherein rescission was denied but damages were awarded on account of the fraud of these appellants, the question is whether appellants may in this second action recover moneys which Springer was obligated to pay under such agreement, appellants having neglected to demand such moneys as a recoupment or as defensive matter in the first action. Incidentally also, it must be determined whether such vendee is entitled to recover a certain security pledged by him to secure his own performance of the sales agreement.

On January 12, 1939, defendant Springer entered into the conditional sales agreement, hereinafter referred to as "the agreement," with the Angeles Credit Company, Ltd., hereinafter referred to as "Angeles," for the purchase of certain property consisting of furniture, fixtures and stock of merchandise in a certain drug store on La Brea Street in the city of Los Angeles. The consideration passing from Springer for such property was (1) a contract and note for the sum of $4,872.30; (2) a promissory note in the sum of $300; (3) His agreement to purchase certain merchandise from Angeles and Brunswig Drug Company, hereinafter referred to as Brunswig, to replenish his stock. Subsequently, certain merchandise was purchased from Brunswig in the sum of $926.76.

Thereafter Springer instituted action No. 442-785 against Brunswig and Angeles for rescission of the agreement on the ground of fraud in the inducement of the contract. He thereby demanded rescission with damages, and his prayer was "that in the event it be determined upon the trial of this action that plaintiff is not entitled to a rescission of said sale, then that plaintiff have judgment against the defendants in the sum of $7,500 as and for his damages by reason of said fraud." To such complaint Brunswig and Angeles answered by a general denial and nothing more. At the termination of the trial, findings and conclusions were made in favor of Springer denying his rescission, but judgment was entered December 13, 1939, awarding him damages in the sum of $3,568.53 against Brunswig and Angeles. Upon appeal the judgment was affirmed. (*Springer* v. *Angeles Credit Co.*, 44 Cal.App.2d 712 [113 P.2d 7].)

Two events of factual importance will here be recorded for they must be reckoned with in deriving a total solution of the pending problem. (a) On the 29th of January, 1940, 47 days after entry of the Springer judgment, an action was

pending in the Municipal Court of the City of Los Angeles under and by virtue of which the fixtures and other chattels described in the agreement were attached. Angeles thereupon filed a third party claim, asserting ownership of such fixtures. Under appropriate proceedings (§ 689, Code Civ. Proc.) it was determined that Angeles was the owner of the fixtures held under the attachment and that Springer was the owner of the other chattels held under the same levy. (b) Contemporaneously with the execution of the agreement, Springer pledged to Angeles a certain note of Walter Glessener as additional security for the performance of the agreement. At the time of the entry of the Springer judgment there remained unpaid on the Glessener note the sum of $3,882.45. After the entry of the Springer judgment in December, 1939, Brunswig and Angeles collected from Glessener on said note and retained $2,111.34. Springer having made demand for such money and the Glessener note and for the fixtures involved in the third party claim, his demands were rejected.

Appellants filed their complaint in the present action August 29, 1941, to recover the balance due on (1) the $300 note given by Springer to Brunswig in November, 1938; (2) the open account of Springer with Brunswig in the sum of $926.76; (3) the balance of $2,990 in favor of Angeles on the conditional sales agreement.

In their complaint appellants allege that each of the above mentioned items of indebtedness "arose out of the same transaction and were transactions connected with the same subject of action," recite the entry of the Springer judgment in action 442-785 in the approximate sum of $4,000 and the assignment by Springer of his judgment to respondents Stafford and Haupt.

After making certain denials in their answer respondents herein alleged: (1) The satisfaction of appellants' demands; (2) the finality of the Springer judgment and its affirmance on appeal; (3) the institution of the Springer action (442-785) and the omission by appellants to allege Springer's obligations under the agreement as a counterclaim; (4) the provision in the agreement that upon default of Springer Angeles might declare the unpaid balance of the contract and terminate the rights of Springer in and to the goods and chattels described in the contract; (5) the election by Angeles, on December 11, 1939, to terminate the agreement and the forfeiture of the rights of Springer thereunder; (6) the

filing of its notice and claim of ownership of the fixtures in the municipal court action above mentioned, the consequent judgment that Angeles was the owner of the fixtures and that Springer was the owner of other chattels held under attachment; and finally, (7) the illegality of the consideration for the $300 note of Springer to Brunswig, in that such loan was contrary to the Alcoholic Beverage Control Act [Stats. 1935, p. 1123; Deering's Gen. Laws, 1937, Act 3796].

In addition to such defenses, respondents alleged "that the plaintiff Angeles Credit Company engaged in all of the transactions hereinbefore alleged to have been had, for and in co-operation with the plaintiff Brunswig Drug Company"; that they are entitled to the return from appellants of the Glessener note and all moneys collected on it, because Springer had paid and discharged all of his obligations under the sales agreement; that Angeles had undertaken to forfeit Springer's rights under the agreement and had taken possession of the fixtures and the merchandise on hand, but neglected to return either the Glessener note or the moneys collected from him or the fixtures of the value of $1,000 although Springer was entitled to all of them by virtue of the agreement.

By his cross-complaint Springer alleged all the facts set forth in the counterclaim; also, that under the sales agreement the seller had two remedies, viz.: right to the purchase price or the right to forfeit vendee's interest and possess the fixtures and merchandise; that appellants had declared a forfeiture and had taken possession of the Glessener note and retained the moneys collected from Glessener; that Springer under the agreement was owner of the fixtures and equipment of the value of $1,000 which had been converted by appellants; that Springer had given his promissory note dated November 21, 1938, to Angeles in the sum of $4,872.30, which had not been cancelled; that upon payment of the sums due by Springer under the agreement, appellants had withheld the Glessener note upon which was still unpaid the sum of $2,192.45, and that appellants had asserted ownership thereof; also that they had withheld from Springer the sum of $2,111.32 collected from Glessener on account of such note.

By his prayer Springer asked rejection of the demands of plaintiffs; demanded $2,111.32 collected on the Glessener note and the Glessener note or in lieu thereof the sum of $2,192.45; also $800 as the value of the fixtures, and the cancellation of his note in the sum of $4,872.30.

The court made findings in accordance with the prayer of respondents and by its judgment denied all relief to appellants, cancelled Springer's note to Angeles, awarded Springer judgment for the sums of $2,192.45 and $2,111.32 with interest, and for $800, the value of the fixtures.

■ (1) It is at once apparent that the paramount issue is whether the judgment in the Springer action for rescission was an adjudication of all the rights of appellants under the agreement. The authorities seem to establish the correctness of the judgment. When Angeles and Brunswig were sued for the fraud that induced the agreement, it was incumbent upon them to recoup for any claims they had against Springer. Section 437 of the Code of Civil Procedure provides that the answer shall contain not only denials but also a statement of "any new matter constituting a defense" or a counterclaim. Section 439 provides that if defendant "omits to set up a counterclaim upon a cause arising out of the transaction set forth in the complaint as the foundation of plaintiff's claim, neither he nor his assignee can afterwards maintain an action against the plaintiff therefor." There can be no doubt that appellants' demands here are based upon the agreement and that they therefore arose out of the "transaction" alleged in Springer's complaint for rescission of that instrument. Appellants contend that the Springer action was not a demand for money but that it was an action in equity and that they were not in such an action required to counterclaim. With this we cannot agree. While Springer asked for rescission with damages, he also prayed for damages in the event he should not be entitled to rescission. Moreover, in the early stages of the first trial the court stated: "I am inclined to think that the preponderance of the evidence tends to show that there was no effective rescission." In such eventuality, the parties became engaged in a contest solely for money. Hence, when appellants thereafter amended their answer during the progress of the first trial the law required them to plead their demands based upon the agreement. They were not privileged to take their chances of defeating Springer there and later, in a separate action, to ask for a performance by Springer of all his obligations under the agreement.

A review of the authorities leaves no doubt of the correctness of the views above expressed. ■ A party cannot by negligence or design withhold issues and litigate them in consecu-

tive actions. (*Sutphin* v. *Speik,* 15 Cal.2d 195, 202 [99 P.2d 652, 101 P.2d 497].) He may not split his demands or his defenses. (*Elm* v. *Sacramento Suburban Fruit Lands Co.,* 217 Cal. 223 [17 P.2d 1003]; 15 R.C.L., §446, p. 969.) Equity will not deal with a case by piecemeal. (*Bank of America* v. *Feig,* 21 Cal.App.2d 247, 252 [68 P.2d 985]; 10 Cal.Jur. 496.)

In testing the merits of the plea of res judicata, it is not what actually was done, but what might have been done that is concluded by a former judgment. (*Olney* v. *Cavell,* 138 Cal.App. 233, 236 [32 P.2d 181].) In an action for rentals, a cross-complaint for damages for the fraud in the inducement of the contract alleged "defensive" matter and was therefore proper. (*Gardner* v. *Cookson,* 213 Cal. 359 [2 P.2d 370].) The converse must be also true. In an action to enforce a forfeiture of a vendee's rights under a contract of sale, defendants are entitled to recover in the same action any damages suffered by reason of the fraud of the vendor in inducing the sale. (*Nevada Land & Investment Corp.* v. *Sistrunk,* 220 Cal. 174, 177 [30 P.2d 389].) By the same token the vendor may recover to the extent of the nonperformance on the part of plaintiff who has taken the initiative and sued the vendor for fraud committed as an inducement of the sale. If the buyer may counterclaim the seller's fraud as a defense without offering restitution, as held in the Sistrunk case, no good reason appears why the seller should not offset his money demands against the damages awarded for the seller's own fraud. The unpaid portion of the moneys Springer was obliged to pay appellants under his agreement was a necessary part of the consideration for the merchandise and chattels purchased by Springer, and it should have been alleged in the former action as an offset against the damages pleaded by Springer. (*English* v. *English,* 9 Cal.2d 358, 363 [70 P.2d 625, 128 A.L.R. 467].) Since it was within the scope of Springer's action and related to the subject matter thereof and relevant to the issues raised by Springer's complaint so that it could have been raised, "the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged." (*Sutphin* v. *Speik, supra,* at 202.) Where G, after sale of lands to W, declared a default, excluded W from the lands and obtained a judgment quieting title, it was held that G's subsequent action for moneys due under their contract was ad-

judicata by reason of the judgment in the former action. (*Gaskill* v. *Wallace,* 32 Cal.App.2d 354 [89 P.2d 687].)

█ Springer did not lose his action for damages by his suit for rescission. (*Bancroft* v. *Woodward,* 183 Cal. 99, 102 [190 P. 445]; *Davis* v. *Rite-Lite Sales Co.,* 8 Cal.2d 675 [67 P.2d 1039].) By reason of this principle his action for damages was constantly in the background from the moment of filing his action to enforce a rescission. █ Since his action for damages was a continuous threat and a potential judgment, appellants can offer no reasonable justification or excuse for their failure to counterclaim in the Springer case to the extent of Springer's debt under the agreement. They further rendered their position untenable by their allegation that the claims alleged in their complaint "arose out of the same transaction and were transactions connected with the same subject of action." Such were substantially the findings in the Springer case. The balance claimed by their complaint herein is based upon the very contract which Springer sought to have cancelled. The transaction alleged in appellants' complaint includes "the entire series of acts and mutual conduct of the parties." (*Story & Isham Com. Co.* v. *Story,* 100 Cal. 30, 32 [34 P. 671].)

The authorities relied upon by appellants (*Ward* v. *Goetting,* 44 Cal.App. 435 [186 P. 640]; *Parish* v. *Studebaker,* 50 Cal.App. 719 [195 P. 721], and *Wolcott* v. *Salyer,* 217 Cal. 225 [17 P.2d 1000]) contain nothing contrary to the conclusions above announced or to the decisions herein cited with approval. The Ward case was an action on the ground of fraud to cancel a note given a few days prior to his filing suit. He demanded no affirmative relief, while Springer asked, in the alternative, for damages. In the Wolcott case Salyer was a defendant in the former action in which, plaintiff sought to impress a trust upon corporate stock or in the alternative to recover money. The only issue disposed of then was the debt of her codefendant, Leonard. The trial court there declined to consider the issue of ownership of the stock although it was of the view that Leonard was the owner. Consequently, in the reported case (second action) it was held that there was nothing to hinder plaintiff, who had acquired the stock by levy and sale, from quieting his title against Mrs. Salyer.

█ Inasmuch as appellants yielded all their rights or advantages by failure to counterclaim in the Springer action,

Springer was entitled to a return of the Glessener note which had been pledged to secure Springer's performance of the agreement. It ceased to perform such office upon the discharge of Springer's indebtedness. Therefore, Springer was entitled to a return of the Glessener note and all sums paid. to appellants on account of it. (*Elm* v. *Sacramento Suburban Fruit Lands Co., supra.*)

■ To that part of the judgment awarding Springer $800 for the fixtures taken by appellants we cannot give approval. The very doctrine of res judicata must be applied to Springer's claim for that sum as it has been applied above against appellants. At the time Angeles filed its third party claim it invoked the benefits of section 689 of the Code of Civil Procedure. In the ensuing trial, Springer appeared as an interested party. The judgment awarded appellant Angeles the ownership of the fixtures. Under the authorities heretofore cited that judgment was decisive of all the rights of Springer to the ownership of the fixtures; hence neither the agreement, Springer's default, the declaration of forfeiture nor the Springer judgment was of any avail against a judgment that had specifically determined the ownership of the fixtures.

It is therefore ordered that the judgment be amended by striking therefrom the item of $800 awarded to Springer. As thus amended the judgment is affirmed, each party to pay his own costs on appeal.

Wood (W. J.), J., and McComb, J., concurred.